WALTER J. ROBINSON ET AL. *v.* WM. S. ROBINSON.

[Abstract Kentucky Law Reporter, Vol. 4—531.]

**Conveyance Held as a Mortgage.**

Where a father to relieve his son from financial embarrassment took a conveyance from the son of his real estate and paid off the son's debts, amounting to $1,700, obligating himself to reconvey to the son upon payment of the debt, and the father by will provided that the son should receive back his $1,700 note, the obligation of the father to reconvey is binding upon his executors and heirs.

APPEAL FROM UNION CIRCUIT COURT.

December 7, 1882.

OPINION BY JUDGE PRYOR:

By the terms of the contract between Jesse Robinson and his son dated on the 1st of March, 1866, it was expressly agreed that after the death of his father William was to take the title to the land previously conveyed by him to his father if, in the opinion of his executors, it was proper for him to do so. It was on this condition that William divested himself of title in the first place. He was somewhat involved in debt and his father relieved him from his pecuniary embarrassment by paying about $1,700 for William and took from him a conveyance absolute on its face for his entire tract of land. It was only intended as a mortgage in the first place, as the contract of March, 1886, plainly shows. Jesse Robinson being dead, his executors have made to William a conveyance and reinvested him with title. It is said, however, that the will of his father devises this land to William's wife and children, or gives to them such an interest as precludes William from disposing of it. The fifth clause of the will of Jesse Robinson says that the title is to descend to William, his wife, and children, but that claim is inconsistent with the idea that the testator intended to make any other disposition of the land than he had agreed to do by the contract of March, 1866. The testator says that he had given up to William his note for $1,700 to make him equal with the other children and "he is to have the farm just as he holds my obligation for by the contract between him and myself." So the plain purpose of the testator was, as he has expressed himself in his will, to reinvest his son with the same title that he held at the time his son conveyed to him the land, and if not his intention, he had executed an obligation at the time of the conveyance by which he agreed that the land should be reconveyed to William. This obligation was binding upon the testator, and constituted the consideration or inducement for William to make the absolute conveyance. His father had no power without William's consent to cancel or disregard that contract, and if the will had expressly announced that it was cancelled, it could not affect William's rights under it. He could have enforced a compliance in equity against the heirs or devisees of the testator and particularly

when his executors were giving their consent. The writings speak for themselves and the parol testimony explaining the purpose or intention of the testator is all incompetent. The chancellor acted properly in sustaining the title of William to the land and the judgment is *affirmed*.

This view of the question dispenses with the necessity of alluding to that branch of the case between William Robinson and his children in regard to the deeds made to him by them.

Judgment *affirmed*.

*Ken Chapeze, for appellants.*

*D. H. Hughes, W. P. D. Bush, for appellee.*

